# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT PIKEVILLE

**CIVIL ACTION NO. 19-123-DLB**

**JOSE CRISTOBAL CARDONA**                                    **PLAINTIFF**

**v.**                 **MEMORANDUM OPINION AND ORDER**

**H. JOYNER, Warden, et al.**                                  **DEFENDANTS**

\*\*\* \*\*\* \*\*\* \*\*\*

Jose Cristobal Cardona is an inmate at the United States Penitentiary Big Sandy ("USP-Big Sandy") in Inez, Kentucky. (Doc. # 1 at 2). Proceeding without an attorney, Cardona filed a Complaint in Martin Circuit Court seeking money damages and injunctive relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Administrative Procedure Act ("APA"). (Doc. # 1-1). Defendants Joyner and Altizer removed the matter to this Court pursuant to 28 U.S.C. § 1442(a)(1). (Doc. # 1 at 2). Because both Defendants are government officials, the Court now conducts a preliminary screening of Cardona's Complaint under the Prison Litigation Reform Act.[1] For the reasons below, Cardona's requests for relief will be **denied**.

Cardona's Complaint states that on April 29, 2019, Warden Joyner issued a notice that batteries were to no longer be sold at the USP-Big Sandy commissary. (Doc. # 1-1 at 2). Then, on or about May 1, 2019, Cardona attempted to purchase batteries at the

---

[1] Upon this preliminary screening, the Court shall dismiss any portion of the Complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A.

1

commissary but was unable to do so.  *Id*.  Cardona explains that the inability to purchase batteries prevents him and other inmates from using certain items, such as battery-operated radios, book lights, and alarm clocks.  *Id* at 3.  Cardona claims that the Defendants' actions deprive him of property rights, due process rights, and his First Amendment "right to be informed."  *Id*. at 5.  He also contends the Defendants' actions violated the APA's notice and comment requirements.  *Id*.

Because Cardona's claims against the Defendants fail to state a claim upon which relief may be granted, they will be dismissed upon screening.  *See* 28 U.S.C. § 1915A(b)(1).  Federal courts have repeatedly found that inmates "have no federal constitutional right to purchase items (food or non-food) from a commissary at all." *Adams v. Hardin Cty. Det. Ctr.*, No. 3:16-CV-P29-CRS, 2016 WL 2858911, at *3 (W.D. Ky. May 16, 2016) (collecting cases).  Thus, Cardona's present inability to purchase batteries does not violate the Constitution.  While denial of commissary access could conceivably implicate a constitutional right in some cases—for example, perhaps in cases of retaliation for an inmate's exercising a constitutionally protected right—Cardona has not alleged that kind of unconstitutional denial here.  Cardona instead suggests that the deprivation of batteries prevents him from using various personal items, (Doc. # 1-1 at 3), but he points to no underlying right to use those personal items while incarcerated.  There is also no indication that the Defendants put a stop to battery purchase out of retaliation or for another prohibited reason.  Instead, the Complaint suggests that on April 29, 2019, Warden Joyner notified inmates that "the use of batteries as lighting/ignition source would result in the elimination of batter[y] sales through[out] [the] commissary."  (Doc. # 1-1 at 2–3).  Presumably, battery sales were in fact soon eliminated for the legitimate safety

reason stated in the notice.  Ultimately, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and "not every unpleasant condition a prisoner endures while incarcerated" rises to the level of a constitutional deprivation, *see Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

As to the lack of a formal "notice and comment" period, Cardona is still not entitled to relief.  The APA mandates certain procedures when a federal administrative agency "formulat[es], amend[s], or repeal[s]" a rule designed to "implement, interpret, or prescribe law or policy."  *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 95–96 (2015) (quoting 5 U.S.C. §§ 551(4)(5)).  "Not all 'rules' [however] must be issued through the notice-and-comment process.  Section 4(b)(A) of the APA provides that, unless another statute states otherwise, the notice-and-comment requirement 'does not apply' to 'interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice.'" *Id*. at 96 (quoting 5 U.S.C. § 553(b)(A)).  Cardona offers no explanation as to how or why Warden Joyner's notice regarding batteries is an official "rule" subject to actual notice-and-comment rulemaking, rather than an internal policy statement or rule concerning USP-Big Sandy's "organization, procedure, or practice."  *See id*.

Because Cardona's Complaint fails to state a claim upon which relief may be granted, dismissal upon screening is warranted.  *See* 28 U.S.C. § 1915A(b)(1).  For the foregoing reasons, **IT IS ORDERED** as follows:

(1) Cardona's civil rights Complaint (Doc. # 1-1) is **DISMISSED**;

(2) This matter is **CLOSED** and **STRICKEN** from the Court's active docket; and

(3) A separate Judgment will be filed concurrently herewith.

This 14th day of January, 2020.

3



J:\DATA\ORDERS\ProSe\19-123 Screening Order.docx